UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                              | :  | CASE NO. 1:21-cv-01833            |
| THE NOCO COMPANY,                            | :  |                                   |
|                                              | :  | OPINION & ORDER                   |
|         Plaintiff,                           | :  | [Resolving Doc. 8]                |
|                                              | :  |                                   |
| vs.                                          | :  |                                   |
|                                              | :  |                                   |
| RECLAIMED ASSETS GROUP, LLC                  | :  |                                   |
| D/B/A RA Group,                              | :  |                                   |
|                                              | :  |                                   |
|         Defendant.                           | :  |                                   |
|                                              | :  |                                   |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this default judgment case, the Court determines that Plaintiff The NOCO Company ("NOCO") has shown good cause to take early discovery from non-party Amazon.com, Inc ("Amazon"). Accordingly, the Court **GRANTS** Plaintiff's motion.

## I.  Background

Plaintiff NOCO is an Ohio company that designs, manufactures and sells battery-related products.[1] Defendant Reclaimed Assets Group, LLC ("RA Group"), is a Michigan limited liability company.[2]

NOCO sued RA Group, alleging the unauthorized sale and willful infringement of NOCO's intellectual property.[3] In particular, NOCO says that RA Group is selling NOCO products on Amazon without NOCO's authorization or consent.[4]

Defendant has not responded to Plaintiff's complaint. On November 15, 2021, the

---

[1] Doc. 1 at 2.
[2] *Id.*
[3] *Id.* at 1. The complaint brings six counts, including federal trademark infringement (15 U.S.C. § 1114) and trademark dilution (15 U.S.C. § 1125).
[4] *Id.* at 4.

Case No. 1:21-cv-01833
Gwin, J.

Clerk entered default against Defendant.[5]

## II. Discussion

In general, a party may not start discovery before the parties' Fed. R. Civ. P. 26(f) meeting. However, courts have interpreted Fed. R. Civ. P. 26 to allow for early discovery when the moving party shows good cause.[6]

As other courts in this district have ruled, "Good cause is often found in cases alleging infringement and unfair competition."[7] "In addition, courts have allowed limited, expedited discovery when failing to do so would substantially impact the case from progressing on the court's docket."[8]

The Court finds that NOCO meets the good cause standard. NOCO's damages claim depends, in part, on RA Group's Amazon sales.[9] Because Defendant has failed to appear, NOCO is unable to take ordinary discovery directly from Defendant and must now seek the relevant information from third-party Amazon.

The Court emphasizes that the discovery NOCO seeks from Amazon is limited. As NOCO says in its motion: "The sole purpose of this discovery is to obtain evidence that will allow NOCO to substantiate the extent of its damages in a motion for default judgment that NOCO intends to file."[10] Specifically, NOCO seeks the relevant Amazon "Merchant ID" and "ASIN"-related figures.[11]

---

[5] Doc. 7.
[6] *Obeidallah v. Anglin*, No. 2:17-cv-720, 2018 WL 8415412, at *1 (S.D. Ohio Aug. 20, 2018).
[7] *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, No. 1:20-cv-1170, 2021 WL 4714657, at *2 (N.D. Ohio June 21, 2021) (citing *N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016)).
[8] *Id.* at *3.
[9] Doc. 8 at 6 (citing U.S.C. §1117(a) and 15 U.S.C. §1125(c)).
[10] Doc. 8 at 8.
[11] *Id.* at 8–9.

Case No. 1:21-cv-01833
Gwin, J.

Lastly, to the extent that Amazon believes that NOCO's subpoenas are objectionable, it may file a Fed. R. Civ. P. 45 motion. To ensure that Amazon is fully aware of the instant proceedings, NOCO is directed to serve a copy of this Order on Amazon along with its subpoenas.

### III. Conclusion

The Court **GRANTS** Plaintiff NOCO's motion for leave to seek limited discovery upon non-party Amazon.

IT IS SO ORDERED.

Dated: February 9, 2022              *s/        James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE