UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| THE NOCO COMPANY, | CASE NO. 1:21-cv-01833 |
| Plaintiff, | OPINION & ORDER<br>[Resolving Doc. 11] |
| vs. |  |
| RECLAIMED ASSETS GROUP, LLC<br>D/B/A RA Group, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this trademark infringement case, Plaintiff The NOCO Company ("NOCO") has moved for default judgment against Defendant Reclaimed Assets Group, LLC ("RA Group"). For the reasons discussed below, the Court **GRANTS** Plaintiff default judgment on its trademark infringement, trademark dilution, unfair competition, and Ohio deceptive practices claims. But the Court **DENIES** Plaintiff's motion for default judgment on its tortious interference with contract claim. Likewise, the Court **DENIES** Plaintiff's request for declaratory and injunctive relief and will award $8,000.

## I. Background

Plaintiff NOCO designs, manufactures, and sells battery-related products.[1] Defendant Reclaimed Assets Group, LLC ("RA Group"), operates as a Michigan limited liability company.[2] With its complaint, NOCO alleges that RA Group resells NOCO

---

[1] Doc. 1 at 2.

[2] Plaintiff alleges that this Court has personal jurisdiction over Defendant because Defendant sells infringing products in Ohio. *Id.* Because Defendant has not contested personal jurisdiction, the Court takes Plaintiff's Complaint allegations as true. *See Marelli Auto. Lighting, USA, LLC v. Industrias BM de Mexico, S.A. de C.V.*, 2021 WL 5121273 at

Case No. 1:21-cv-01833
Gwin, J.

products on Amazon without authorization and willfully infringes NOCO's intellectual property rights.[3]

Ordinarily, NOCO restricts the distribution of its products. It directly sells its products or sells through authorized resellers.[4] NOCO says that it uses reseller agreements to ensure the quality-control of its products. NOCO only honors manufacturer warranties for products sold by itself or by its authorized resellers.[5]

NOCO's reseller agreements "expressly prohibit bulk sales or sales to wholesalers."[6] Nevertheless, Defendant purportedly buys NOCO products in bulk from not-identified authorized resellers and markets these products as "new" when reselling them on Amazon.[7]

On September 27, 2021, Plaintiff NOCO sued Defendant RA Group for trademark infringement under 15 U.S.C. § 1114, for trademark dilution under 15 U.S.C. § 1125, for unfair competition, for tortious interference with contract, and for deceptive practices under Ohio state law.[8] Defendant has not responded to Plaintiff's complaint. On November 15, 2021, the Clerk entered default against Defendant.[9] On July 13, 2022, Plaintiff filed this motion for default judgment.[10]

## II. Discussion

---

[*1] (E.D. Mich. Nov. 4, 2021) ("Because a default has been entered against Industrias, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments.") (quotation marks omitted).

[3] Doc. 1 at 1, 4.
[4] *Id.* at 3.
[5] *Id.* at 3, 5.
[6] *Id.* at 3.
[7] *Id.* at 4, 6.
[8] Doc. 1.
[9] Doc. 7.
[10] Doc. 11.

Case No. 1:21-cv-01833
Gwin, J.

### A. Legal Standard

Fed. R. Civ. P. 55 governs the entry of default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[11] "After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b)."[12]

"Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments."[13] The Court must then determine whether the facts alleged "are sufficient to state a claim for relief."[14]

### B. Analysis

The Clerk has already entered a default against Defendants, so Plaintiff's motion for default judgment is ripe for the Court to consider on the merits.

#### 1. Trademark Infringement, Unfair Competition, and Ohio Deceptive Trade Practices

Under the "first-sale exception" to trademark infringement, "resale by the first purchaser" of a trademarked item generally does not constitute either "trademark infringement [or] unfair competition."[15] The first-sale exception is also a defense to a parallel Ohio Deceptive Practices claim.[16]

---

[11] Fed. R. Civ. P. 55(a).
[12] *NOCO Co. v. Smith*, 2022 WL 610764, at *2 (N.D. Ohio Feb. 25, 2022).
[13] *Id. See also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").
[14] *Id.*
[15] *Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 369 (6th Cir. 2007).
[16] *Robins v. Glob. Fitness Holdings, LLC*, 838 F.Supp.2d 631, 649 (N.D. Ohio 2012) (("The Ohio Deceptive Trade Practices Act ... is substantially similar to the federal Lanham Act, and it generally regulates trademarks, unfair

-3-

Case No. 1:21-cv-01833
Gwin, J.

To overcome this first-sale defense and state a viable infringement or unfair competition claim against a reseller, Plaintiff must show either (1) that the way in which Defendant presents its resale products does not give consumers adequate notice that its product has been repackaged, or (2) that Defendant "sells trademarked goods that are materially different than those sold by the trademark owner."[17]

Plaintiff just barely satisfies this test. As to the inadequate-notice prong, NOCO seems to suggest that consumers may not have adequate notice that they are buying a resale product because Defendant lists its resale items as "new" on Amazon. But NOCO does not satisfy the adequate-notice prong of the test because it does not explicitly state that consumers actually mistake Defendant's products as "new."

Given Plaintiff's allegation that Defendant purchased the NOCO products in bulk from NOCO authorized retailers, nothing suggests Defendant sold used NOCO products.

As to the alternative material-difference prong, NOCO alleges that Defendant's products are materially different because NOCO's manufacturer warranty arguably does not flow to persons purchasing NOCO products not from NOCO or licensed dealers.

But the materiality of the manufacturer warranty is undermined by NOCO's own allegation that Defendant offers consumers a replacement warranty.[18] And the Court notes that when NOCO previously brought the same claims against another unauthorized Amazon reseller, NOCO did not appeal this Court's finding that that defendant-reseller's

---

competition, and false advertising. When adjudicating claims pursuant to the DTPA, Ohio courts shall apply the same analysis applicable to claims commenced under analogous federal law.") (internal citations and quotations omitted)).

[17] *Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 369-370 (6th Cir. 2007).

[18] Doc. 1 at 5.

-4-

Case No. 1:21-cv-01833
Gwin, J.

products were not materially different.[19]

Nevertheless, an uncontested motion for default judgment requires the Court to accept all facts alleged in the Complaint as true. The Court will accept Plaintiff's allegation that the absence of the manufacturer warranty creates a material difference between Plaintiff's products and Defendant's resale items.

The Court GRANTS Plaintiff default judgment on its trademark infringement claim, unfair competition, and Ohio Deceptive Practices claims.

However, for reasons discussed in Section III.B below, the Court gives $8,000 in damages, and will exercise its discretion in denying Plaintiff declaratory and injunctive relief.

### 2. Trademark Dilution

"To prevail on a trademark dilution claim, Plaintiff must show that its trademark is (1) famous and (2) distinctive, and that Defendant's use of the mark (3) was in commerce, (4) began after Plaintiff's mark became famous, and (5) caused dilution of the distinctive quality of Plaintiff's mark."[20]

Plaintiff says that its trademarks are "well known and distinctive within the battery and chargeable battery industry" by virtue of Plaintiff's "voluminous sales," "extensive and far-reaching advertising efforts," and "federal registration."[21] And by reselling Plaintiff's products, Defendant used Plaintiff's trademarks in commerce after the trademarks were established. Finally, Plaintiff thinly pleads that Defendant diluted Plaintiff's trademark by

---

[19] *NOCO Co. v. OJCommerce, LLC*, 2020 WL 6411587, at *4 (N.D. Ohio Nov. 2, 2020).
[20] *NOCO Co. v. Smith*, 2022 WL 610764 at *4.
[21] Doc. 1 at 10.

-5-

Case No. 1:21-cv-01833
Gwin, J.

selling Plaintiff's products as "new."

Taking these allegations as true, the Court GRANTS Plaintiff default judgment on its trademark dilution claim. Again, as discussed in Section III.B below, the Court will exercise its discretion and decline to issue declaratory or injunctive relief.

### 3. Tortious Interference with Contract

To make out a tortious interference with contract claim, Plaintiff must show: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages."[22]

Plaintiff's Complaint claims that Defendant "has been aware of [the reseller] contracts and the prohibition against bulk sales to unauthorized resellers."[23] But a pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[24] Plaintiff offers no facts to show that Defendant knew about the reseller contracts. Plaintiff may not formulaically state that the knowledge element is satisfied without any support.

Thus, the Court DENIES Plaintiff's motion for default judgment as to its tortious interference claim.

### III. Relief

### A. Legal Standard

Plaintiff has requested three forms of relief: a declaratory judgment holding that Defendant's conduct violates Plaintiff's trademark rights, a permanent injunction

---

[22] *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 817 (6th Cir. 2008).
[23] Doc. 1. at 9.
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

-6-

Case No. 1:21-cv-01833
Gwin, J.

prohibiting Defendant from buying and selling NOCO products in the future, and damages.

**Declaratory Judgment Standard.** "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."[25]

**Injunctive Relief Standard.** "The Lanham Act provides the Court with the power to issue an injunction to prevent trademark infringement 'according to the principles of equity and upon such terms as the court may deem reasonable.'"[26] "To obtain a permanent injunction, Plaintiff must show it (1) has suffered irreparable injury, (2) there is no adequate remedy at law, (3) the "balance of hardships" favors injunctive relief; and (4) a permanent injunction serves the public interest."[27]

**Damages Standard.** 15 U.S.C. §1117(a) "grants a district court a great deal of discretion in fashioning an appropriate remedy in cases of trademark infringement."[28] In assessing damages, if the court "find[s] that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case."[29]

B. Analysis

**Declaratory and Injunctive Relief.** The Court has found that, in the absence of any opposition from Defendant, Plaintiff has pleaded just enough to state claims for trademark

---

[25] *Adrian Energy Assocs. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007).
[26] *NOCO Co. v. Smith*, 2022 WL 610764 at *4 (citing 15 U.S.C. §§ 1116(a) & 1125(c)(2)).
[27] *Id.* (citing *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006)).
[28] *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997).
[29] 15 U.S.C. § 1117.

Case No. 1:21-cv-01833
Gwin, J.

infringement, dilution, unfair competition, and deceptive practices. Thus, Plaintiff is entitled to some form of relief. But Plaintiff has previously brought the same claims against similarly situated defendants and lost. This creates some uncertainty as to whether Plaintiff would have prevailed on the merits if Defendant RA Group had chosen to appear. As such, the Court in its equitable discretion declines to give declaratory and injunctive relief through default judgment.

**Damages**. Plaintiff has requested as damages all the revenue Defendant generated from reselling Plaintiff's products on Amazon. But Plaintiff already received much of the benefit of those sales. Plaintiff received its usual share of the revenue generated when NOCO sold its products to the authorized resellers. Any damage to Plaintiff stems only from harm to Plaintiff's mark. In light of the marginal nature of Plaintiff's claim, the Court will exercise its discretion to limit damages to $8,000.

### IV. Conclusion

The Court **GRANTS** in part and **DENIES** in part Plaintiff NOCO's motion for default judgment. It **GRANTS** Plaintiff default judgment as to its trademark infringement, trademark dilution, unfair competition, and Ohio Deceptive Practices claims. It **DENIES** default judgment as to Plaintiff's tortious interference with contract claim. Finally, the Court **DENIES** Plaintiff's request for declaratory and injunctive relief and will limit damages awarded to Plaintiff to $8,000.

IT IS SO ORDERED.

Dated: December 20, 2022          _s/      James S. Gwin_
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE